### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NEAL FLOWERS,                )
    Plaintiff,                 )
                               )
v.                             )   Case No. CIV-21-637-C
                               )
KEN MOORE, et al.,             )
                               )
    Defendants.                )
                               )  | |

### REPORT AND RECOMMENDATION

Plaintiff, a *pro se* state pretrial detainee, has filed a civil rights complaint. (Doc. 1). He has also filed three Applications for Leave to Proceed *In Forma Pauperis* ("IFP," without prepaying fees or costs). (Doc. 2, 6, 14). United States District Judge Robin J. Cauthron referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). (Doc. 4). For the following reasons, the undersigned recommends dismissal of this action based on Plaintiff's failure to comply with the court's orders to cure his IFP applications or to pay the filing fee.

Plaintiff filed his Complaint and first IFP application on June 21, 2021. (Docs. 1, 2). Plaintiff's first IFP application was not on the proper form and was missing (1) financial information and the signature of an authorized officer of his penal institution and (2) a certified copy of the statement of Plaintiff's institutional account for the six-month period immediately preceding filing of the Complaint. (Doc. 2). Plaintiff was ordered to cure these deficiencies and was mailed a copy of the proper IFP form. (Doc. 5). Plaintiff was

advised that "[f]ailure to comply with [the] Order may result in the dismissal of this action." (*Id.* at 2).

Plaintiff then submitted a second IFP application on the proper form and with the required financial information and signature of an authorized officer, but still missing a certified copy of the statement of Plaintiff's institutional account. (Doc. 6). The court sent Plaintiff a second order to cure his deficient application. (Doc. 11). The order informed Plaintiff that it was mandatory that he submit a certified copy of his trust fund account statement for the 6-month period immediately preceding filing of the complaint. (*Id.* at 2). The court advised Plaintiff that he "may show a copy of this Order to the appropriate officials at his institution to advise them of the same." (*Id.*) Plaintiff was again advised that failure to comply with the court's order "may result in the dismissal of this action." (*Id.*)

Plaintiff has now filed a third IFP application. (Doc. 14). Plaintiff still has not submitted the necessary certified copy of his trust fund account statement for the 6-month period immediately preceding filing of the complaint.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order." *See also Huggins v. Supreme Court of the United States*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (recognizing court's authority to dismiss actions *sue sponte* under Rule 41(b)). If the dismissal is without prejudice, the court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *see also Robledo-Valdez*

*v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014) (explaining that a district court may, without abusing its powers, dismiss a case without prejudice pursuant to Fed. R. Civ. P. 41(b) without attention to any particular procedures).

Plaintiff's failure to comply with the court's orders and the local rules has left the court unable "to achieve [an] orderly and expeditious" resolution of this action. *Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative); *see also Rogers v. Ganja*, 47 F. App'x 900, 901 (10th Cir. 2002) ("Since [Plaintiff] received proper notice of the IFP requirements and sufficient time to cure, the district court did not abuse its discretion in dismissing the complaint without prejudice.").  As outlined above, the court has provided Plaintiff sufficient notice of the possibility of dismissal, as well as an additional response opportunity through objection to this Report and Recommendation.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the court deny Plaintiff's IFP applications (Docs. 2, 6, 14) and dismiss the case without prejudice unless Plaintiff pays the $402.00 filing fee in full to the Clerk of the Court within 21 days of any order adopting this Report and Recommendation.

**Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by October 18, 2021,** in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to make timely objection waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

ENTERED this 27th day of September, 2021.

*Amanda Maxfield Green*
AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE